# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAKE D. WARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1141-M ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## **REPORT AND RECOMMENDATION**

Plaintiff, Jake D. Ward, seeks judicial review of the Social Security Administration's denial of disability insurance benefits and supplemental security income benefits. This matter has been referred by Chief United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the case remanded for further administrative proceedings consistent with this Report and Recommendation.

## I. **Procedural Background**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on September 23, 2011, alleging a disability onset date of September 8, 2011. The Social Security Administration denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 12], 18-27. The Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

## II. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## III. Plaintiff's Claim

Plaintiff brings a single claim of error. He challenges the ALJ's step five determination on grounds it is not supported by substantial evidence because the testimony of the vocational expert (VE) was inconsistent with the Dictionary of Occupational Titles (DOT).[1] For the reasons set forth below, the Court finds Plaintiff's claim has merit. The ALJ committed reversible legal

---

[1] The DOT is published by the Department of Labor. The DOT is one of several governmental and other publications from which the Commissioner takes "administrative notice of reliable job information." *See* 20 C.F.R. §§ 404.1566(d)(1); 416.966(d)(1).

error in failing to explain the conflict between the VE's testimony and the DOT and, therefore, the ALJ's decision is not supported by substantial evidence.

IV.     **Analysis**

    A.     **The Five-Step Sequential Evaluation Process**

To determine whether a claimant has a disability, the Commissioner follows a five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Id*. at 751 n. 2. At step five, however, the burden shifts to the Commissioner to show that the claimant retains a sufficient RFC to perform work in the national economy, given the claimant's age, education and work experience. *Id*. at 751. Therefore, in this case, where the sole challenge is at step-five, the Commissioner bears the burden of proof.

    B.     **Conflict Between VE Testimony and DOT**

Plaintiff claims the Commissioner did not satisfy her burden of showing the availability of jobs in the national economy because he failed to obtain an adequate explanation as to inconsistencies between the VE's testimony and the DOT. The Commissioner does not dispute that all three jobs identified by the VE as jobs that could be performed by a hypothetical individual with Plaintiff's RFC require a reasoning level of three based on the DOT description of those jobs. *See* DOT § 299.677-010 (Self-Service Store Attendant); DOT § 211.462-010 (Cashier II); and DOT § 295.367-026 (Storage Facility Rental Clerk).

The DOT includes a General Education Development (GED) Scale composed of three divisions: (1) reasoning development; (2) mathematical development; and (3) language development. *See* DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702.

The GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Id*.

The reasoning development component includes six levels. Level three, at issue here, requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id*.

In making the RFC determination, the ALJ found with respect to Plaintiff's mental work capacity that he "can understand, remember, and carry out simple, routine, and repetitive tasks . . . .", *see* AR 23, and at the hearing, the ALJ asked the VE to consider an individual with these limitations. AR 60-61. The VE testified that the three jobs set forth above, self-service door attendant, cashier II and storage facility rental clerk are jobs available in the national economy that an individual with these limitations could perform. AR 61. The ALJ then asked the VE: "[a]re all your responses today consistent with the Dictionary of Occupational Titles" and the VE responded, "[y]es." AR 61-62.

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit found that an RFC limiting a claimant to "simple and routine work tasks" appeared inconsistent with jobs requiring a reasoning level of three and remanded the case to allow the ALJ to address the apparent conflict. Plaintiff contends *Hackett* requires a remand here.

In *Hackett*, the ALJ stated in his decision that the VE admitted during his testimony that his opinions about the jobs the claimant could perform did not "directly correspond" with information in the DOT. *Id*. at 1175. But the ALJ concluded that the VE adequately explained any inconsistency based on his own education, experience and observations about the jobs as actually performed in the economy. *Id*. Contrary to the ALJ's conclusion, the Tenth Circuit

found "no indication in the record that the VE expressly acknowledged a conflict with the DOT or that he offered any explanation for the conflict." *Id*.

The court addressed the two jobs identified by the VE – surveillance system monitor and call-out operator – jobs requiring a reasoning level of three. The court stated that Plaintiff's RFC, limiting him to "simple and routine work tasks" seemed "inconsistent with the demands of level-three reasoning" and that level-two reasoning "appears more consistent with [the claimant's] RFC." *Id*. at 1176.[2] The court reversed the ALJ's decision and remanded "to allow the ALJ to address the apparent conflict between [the claimant's] inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id*.

The Commissioner attempts to distinguish *Hackett*. The Commissioner contends that here, the ALJ expressly asked the VE if any inconsistency existed between the DOT and the jobs identified by the VE as jobs Plaintiff could perform. In addition, the Commissioner relies on more recent unpublished decisions of the Tenth Circuit "recogniz[ing] that GED levels describe general educational background, not specific mental or skill requirements." *See* Commissioner's Brief at p. 8 (*citing Anderson v. Colvin*, 514 F. App'x 756 (10th Cir. 2013); *Mounts v. Astrue*, 479 F. App'x 860 (10th Cir. 2012)). *See also id*. at p. 7 (*citing Owen v. Colvin*, No. 1:13-CV-00141, 2015 WL 1490947 (D. Utah March 30, 2015) (unpublished op.)).

Plaintiff, however, argues that the VE's testimony is insufficient because the ALJ failed to obtain a "reasonable explanation" about the conflict. *See* Plaintiff's Brief at p. 12. Plaintiff further contends that the cases relied upon by the Commissioner are distinguishable because in

---

[2] "[L]evel-two reasoning requires the worker to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations.'" *Hackett*, 395 F.3d at 1176 (*quoting* DOT, Vol. II at 1011).

5

each of the cases, any error resulting from a conflict between the VE's testimony and the DOT was harmless due to the fact the VE also identified jobs which required reasoning levels lower than level three. *See Anderson*, 514 F. App'x at 764 ("Assuming there was a conflict between the VE's testimony and the DOT, the ALJ's failure to resolve the alleged conflict was harmless error" because the VE identified at least two jobs with a reasoning level of one.); *Owen*, 2015 WL 1490947 at **5-6 ("even if Plaintiff was limited to a lower level of GED level reasoning than 3, the VE identified at least three other jobs in addition to Plaintiff's past relevant work he could perform" and therefore, any error was harmless). In addition, Plaintiff correctly notes that in *Mounts*, the ALJ not only limited the claimant's RFC to work that did not involve complex tasks but also included a specific restriction limiting her to GED reasoning levels one through three. *See Mounts*, 479 F. App'x at 868 ("The ALJ found that Mounts has the mental RFC to perform work that does not involve 'complex tasks (SVP-3 or less) (G.E.D. 1-3); and only occasional dealing with the public.'").

The Court declines to find, as urged by the Commissioner, that to the extent GED reasoning levels are not specific mental or skill requirements, they can be disregarded when addressing the mental demands of jobs listed in the DOT. As set forth, in each of the cases cited by the Commissioner, any error in failing to assess inconsistencies between the claimant's RFC and the GED reasoning levels was harmless because either additional findings were made showing other jobs with lower reasoning levels could be performed or the ALJ expressly included the GED reasoning levels in the RFC. Neither of those circumstances are presented here.

Additionally, Tenth Circuit precedent is clear that "before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ

must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, *and elicit a reasonable explanation for any discrepancy on this point.*" *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999) (emphasis added); *see also* SSR 00-4p, 2000 WL 1898704; *Hackett*, 395 F.3d at 1175 (noting that SSR 00-4p "essentially codifies *Haddock*" and "requires a reasonable explanation for conflicts between a VE's testimony and the DOT relating to any 'occupational information'") (citation omitted).

Here, the VE testified that no conflict existed. That fact renders this case distinguishable from *Hackett* where the record contained no indication that the VE acknowledge any conflict or offered any explanation for the conflict. But the ALJ did not provide any *reasonable explanation* for the conflict between the DOT and the VE's testimony.[3] And the ALJ bears the burden of proof at step five.

The VE's general response that no conflict existed fails to demonstrate that she considered the reasoning levels of the jobs identified or that she was departing from the DOT based on her knowledge, training or other experience. *Cf Fulton v. Colvin*, No. CIV-13-1108-HE, 2014 WL 7899420 (W.D. Okla. Nov. 24, 2014) (Report and Recommendation) (finding no error in ALJ's conclusion that the claimant could perform jobs identified by the VE requiring level three reasoning despite RFC limiting claimant to simple and routine tasks where "the ALJ elicited the VE's testimony that any discrepancies between his testimony and the DOT were explained by reliance on his own experience and observations of the identified jobs as they are

---

[3] Under SSR 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified." *See id.*, 2000 WL 1898704 at *4.

7

actually performed"); *see also* SSR 00-4p, 2000 WL 1898704 at **2-3 (identifying as examples of reasonable explanations for a conflict: (1) "information about a particular job's requirements . . . not listed in the DOT" but "available from a VE's or VS's experience in job placement or career counseling" or (2) a VE or VS providing "more specific information about jobs or occupations than the DOT").

Although the ALJ stated in his decision that "[p]ursuant to SSR 00-4p . . . the vocational expert's testimony is consistent with the information in the [DOT]," *see* AR 26, an inconsistency in fact exists. Under these circumstances, the ALJ's step five determination is not supported by substantial evidence. *See, e.g., Finney v. Colvin*, No. 14-18-SPS, 2015 WL 1399896 at *3 (E.D. Okla. March 26, 2015) (unpublished op.) (despite testimony of VE that no conflicts existed between his testimony and the DOT with respect to frequent reaching requirement, ALJ was required to identify and elicit reasonable explanation for conflicts not noted by the VE where conflict in fact existed); *Cordova v. Astrue*, No. 10-cv-01294-PAB, 2011 WL 3236077 at **3-4 (D. Colo. July 28, 2011) (unpublished op.) (VE testified that no inconsistency existed between DOT and his opinion, but VE's testimony did not indicate he was addressing the reasoning levels of the jobs and ALJ failed to identify "what has been consistently identified as a conflict between level three reasoning and a limitation to simple and routine tasks"); *see also Haddock*, 196 F.3d at 1091 ("We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). Accordingly, a remand is required.

8

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and the case remanded for further administrative proceedings consistent with the recommendation set forth herein.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 8, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of September, 2015.

BERNARD M. JONES
United States Magistrate Judge