**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAKE D. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1141-M |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 17, 2015, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying plaintiff's applications for disability benefits and supplemental security income. The Magistrate Judge recommended the Acting Commissioner's decision be reversed and remanded for further proceedings consistent with the Report and Recommendation. The parties were advised of their right to object to the Report and Recommendation on or before October 8, 2015. On September 22, 2015, the Acting Commissioner filed her objection.

In the Report and Recommendation, the Magistrate Judge concludes that the Administrative Law Judge's (ALJ) step five determination was not supported by substantial evidence because the testimony of the vocational expert ("VE") was inconsistent with the Dictionary of Occupational Titles ("DOT") and, further, that the ALJ committed reversible legal

1

error in failing to explain the conflict between the VE's testimony and the DOT.[1] In reaching this conclusion, the Magistrate Judge relies on Tenth Circuit precedent which states:

> before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask how his or her testimony as the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, *and elicit a reasonable explanation for any discrepancy on this point.*

Report and Recommendation at 7 (citing *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)).

In her objection, the Acting Commissioner contends that the ALJ did everything required of him and that no conflict between the VE's testimony and the DOT was identified by the VE or plaintiff during the hearing that needed to be resolved. The Acting Commissioner further contends that the GED Scale reasoning levels used in the DOT "does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job." Objection at 2 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) (unpublished)).[2]

---

[1] The DOT includes a General Education Development (GED) Scale which is composed of three components: (1) reasoning development; (2) mathematical development; and (3) language development. *See* Report and Recommendation at 3 (citing DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702). The reasoning development component, at issue here, is composed of six levels. Plaintiff was identified to be at a level three of the reasoning development component. The apparent conflict the Magistrate Judge has identified comes from the ALJ's finding, in determining plaintiff's residual functional capacity ("RFC"), that "with respect to [p]laintiff's mental work capacity that he [could] understand, remember, and carry out simple, routine, and repetitive tasks" and the Tenth Circuit's finding in *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) "that an RFC limiting a claimant to simple and routine work appears inconsistent with jobs requiring a reasoning level of three." Report and Recommendation at 4 (internal quotations omitted).

[2] The Acting Commissioner relies on two unpublished Tenth Circuit cases which found that the "GED reasoning levels address the claimant's education, not the mental skill requirements of a particular job". Report and Recommendation at 2. *See Anderson* and *Mounts v.*

Having reviewed the Report and Recommendation, the Acting Commissioner's objection, and the applicable case law, the Court finds that the Magistrate Judge did not err in determining the ALJ's was without substantial evidence to make his step five determination. Specifically, the Court finds that while neither the plaintiff nor the VE addressed the inconsistencies between the VE's testimony and the DOT, an inconsistency in fact still exists and should be addressed prior to the ALJ making his step five determination as to whether plaintiff has a disability.

Therefore, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 23] issued by the Magistrate Judge on September 17, 2015;

(2) REVERSES the decision of the Acting Commissioner;

(3) REMANDS for additional administrative proceedings consistent with the Report and Recommendation; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 23rd day of December, 2015.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

*Astrue* 479 F. App'x 860 (10th Cir. 2012). The Magistrate Judge declined to find "that to the extent GED reasoning levels are not specific mental or skill requirements, they can be disregarded when addressing the mental demands of jobs listed in the DOT." Report and Recommendation at 6. Further, the Magistrate Judge found that, regarding the two Tenth Circuit cases cited by the Acting Commissioner, neither of the circumstances presented in the cases were presented in this case.